UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RITA M. GONZALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-CV-578-TAV-DCP |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Petition for Approval of 406(b) Attorney Fees [Doc. 25], filed on May 5, 2020. Plaintiff requests that the Court enter an Order awarding $6,334.60 in attorney's fees under 42 U.S.C. § 406(b). For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's Petition [Doc. 25] be **GRANTED**.

## I. BACKGROUND

Plaintiff filed a Complaint with this Court on September 30, 2013, seeking judicial review of the final decision of the Commissioner denying benefits. [Doc. 1]. The parties subsequently filed competing motions for summary judgment [Docs. 16, 18], and on February 20, 2015, District Judge Varlan entered an order granting in part and denying in part the motions for summary judgment and remanding Plaintiff's case to the Commissioner. [Doc. 21]. The Court found that

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

Plaintiff's case should be remanded, with specific instructions for the ALJ on reconsideration. [*Id.* at 33–34]. Plaintiff was awarded an EAJA fee of $3,681.90 on April 2, 2015. [Doc. 24].

Plaintiff's claim was eventually approved by an ALJ on March 27, 2020, and the Social Security Administration ("SSA") awarded Plaintiff past-due benefits of $40,066.00. [Doc. 27]. However, the SSA withheld $10,016.50 from Plaintiff's past-due benefits pursuant to the fee agreement with Attorney Kenneth Miller. [*Id.*]. Plaintiff's instant petition, filed May 5, 2020, now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 25].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests an award of attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff. [Doc. 25]. Counsel asserts that Plaintiff was awarded past-due benefits, of which $10,016.50 was withheld for payment of fees associated with the award, and that Plaintiff contracted with counsel to pay twenty-five percent of any past-due benefits received. [*Id.* at 1]. Counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [*Id.*]. Additionally, Plaintiff's counsel submits the fee agreement with Plaintiff [Doc. 25-1], his affidavit detailing his qualifications and representation of Plaintiff [Doc. 25-2], the affidavit of Attorney Ed Anderson stating that the average hourly rate charged by an attorney with Attorney Miller's experience would be $200 to $300 [Doc. 25-3], the EAJA Order in this case [Doc. 25-4], the time summary submitted in connection with the request for EAJA fees [Doc. 25-5], Plaintiff's notice of award from the SSA [Doc. 25-6], and the ALJ's ultimate favorable decision [Doc. 25-7].

The Commissioner subsequently filed a Response [Doc. 29] stating that he does not oppose payment of an attorney's fee in the amount requested, but noting that the Commissioner does not have a "direct financial stake" in the disbursement of funds under § 406(b).

### III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

#### A. Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

#### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 25-1]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

3

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable. [Doc. 25 at 1]. The Commissioner responds [Doc. 29] that he does not oppose the requested $6,334.60 in attorney's fees.

However, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested

4

406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

In this case, Plaintiff's counsel requests a fee award in the amount of $6,334.60, and the Social Security Administration previously withheld $10,016.50 of Plaintiff's past-due benefits. *See* [Doc. 27-1]. The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $6,334.60 is reasonable. Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Accordingly, the Court finds that an attorney's fee in the amount of $6,334.60 does not represent a windfall.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378),

5

PL 99–80, § 3, 99 Stat. 186). However, in the present case, Plaintiff's counsel subtracted the previously-awarded EAJA fee from his initial request.

This practice, sometimes referred to as the "offset procedure," has "yet to [be] considered" by the Sixth Circuit. *See Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *3 (E.D. Mich. Feb. 9, 2016) (declining to apply the offset procedure under the lack of Sixth Circuit precedent, the Supreme Court's decision in *Grisbecht v. Barnhard*, 535 U.S. 789, 796 (2002), and an analysis of the Savings Provision of the EAJA). Congress harmonized the EAJA and Section 406(b) "in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412 note); *see Drake*, 2016 WL 492704, at *2 ("The EAJA Savings Provision thus prevents an attorney from obtaining a 'double recovery' under the EAJA and Section 406(b) for the same work."). In *Jackson v. Comm'r of Soc. Sec.*, the Eleventh Circuit noted that the EAJA Savings Provision does not detail the specific procedure for refunding the attorney's fees under the EAJA and found that the attorney may do so by reducing a Section 406(b) fee request by the amount of the EAJA award or refunding the smaller EAJA award to Plaintiff. 601 F.3d 1268 (11th Cir. 2010).

Ultimately, the Court does not generally endorse the application of the offset procedure, but due to Plaintiff's counsel's reduced request and the lack of opposition from the Commissioner, the Court finds that Plaintiff's counsel has appropriately accounted for the refund as set forth in the EAJA Savings Provision. *See Ferry v. Comm'r of Soc. Sec.*, No. 1:13-CV-482, 2016 WL 4471672, at *1 (S.D. Ohio Aug. 4, 2016) ("In lieu of seeking a higher award and refunding the amount of EAJA fees as would otherwise be required under the statute, counsel has simply subtracted the amount of the prior EAJA fee award from the total sought under § 406(b). The same

6

practice has been sanctioned previously by this Court, as well as by published case law from other courts.") (citing *Jackson*, 601 F.3d at 1268), *report and recommendation adopted by*, 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016)).

IV. **CONCLUSION**

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that Plaintiff's Petition for Approval of 406(b) Attorney Fees [**Doc. 25**] be **GRANTED**, and that Plaintiff's counsel be awarded $6,334.60 in attorney's fees.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).